UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID ROSAS,

Petitioner,

v.

DEBORA BORGAS,

Respondents.

Case No. 2:26-CV-00655-MMD-MDC

ORDER

I.   **INTRODUCTION**

Petitioner David Rosas filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")) and a motion for appointment of counsel (ECF No. 1-2 ("Motion for Counsel")). The Court ordered Petitioner to show cause why the Court should not dismiss his Petition as untimely. (ECF No. 7 ("Order").) Petitioner responded. (ECF No. 8.) For the reasons explained below, the Court now grants the Motion for Counsel.

II.   **BACKGROUND**

The Petition challenges a judgment of conviction entered by the Eighth Judicial District Court on April 1, 2013.[1] *See State of Nevada v. David Rosas*, Case No. C-10-269373-1. Rosas pled guilty to one count of first-degree murder and was sentenced to 20 years to life imprisonment. (ECF No. 1-1 at 2.) Rosas did not file a direct appeal. (*Id.* at 38 n.1.) Rosas filed a state postconviction petition for a writ of habeas corpus on April 2, 2025 and the Nevada Court of Appeals affirmed the state court's dismissal of the state petition as untimely and procedurally barred, finding Rosas failed to establish good cause and prejudice to overcome the procedural bars. (*Id.* at 38-43.) On March 9, 2026, Rosas

---

[1]The Court takes judicial notice of the online docket records of the state district court and appellate courts. State court dockets may be accessed by the public online at: https://www.clarkcountycourts.us/ and https://nvcourts.gov/supreme.

initiated this federal habeas corpus proceeding *pro se*. (ECF No. 1-1.)

**III.     DISCUSSION**

As explained in the Order, Rosas's state conviction became final on May 1, 2013, and the one-year federal statute of limitations for filing a federal habeas petition began running the following day. (ECF No. 7 at 3.) The Order further explained that, although Rosas filed a state petition on April 2, 2025, it did not toll the one-year federal statute of limitations because that state petition was filed more than 10 years after the expiration of the federal statute of limitations on May 1, 2014. (*Id.*) The Order explained that, absent equitable tolling or some other basis for delayed accrual of the limitation period for filing the Petition, Rosas's Petition, filed more than 10 years later, is untimely on its face. (*Id.*)

In response to the Order, Rosas argues he is entitled to equitable tolling based on trial counsel's ineffective assistance and subsequent abandonment and/or delayed accrual. (ECF No. 8.) He argues, among other things, that despite his diligence, extraordinary circumstances prevented him from filing a timely Petition because he lacked access to his case file, and his ignorance of the time limits was caused by trial counsel's misleading statements that he lacked recourse to challenge the conviction. (*Id.*)

The Court previously deferred ruling on the Motion for Counsel until Rosas filed a response to the Order. (ECF No. 7 at 1 n.2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Fla.*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice given the complexity of the issues presented by the Petition and because it is unclear whether Rosas can adequately advance his claims *in propria persona* with the resources available to him. Therefore, the Court will grant Rosas's Motion for Counsel. (ECF No. 1-2.) When counsel is appointed to represent a habeas petitioner, leave is granted to file an amended petition as a matter of course. The Court sees no reason to depart from that usual practice.

**IV.    CONCLUSION**

It is therefore ordered that Rosas's Motion for Counsel (ECF No. 1-2) is granted.

It is further ordered that the Federal Public Defender ("FPD") is provisionally appointed as counsel and will have 30 days to undertake direct representation of Rosas or to indicate the office's inability to represent him in these proceedings. If the FPD is unable to represent Rosas, the Court will appoint alternate counsel. Appointed counsel will represent Rosas in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that a deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Rosas at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

///

///

///

3

It is further ordered that the Clerk of Court is directed to add Nevada Attorney General ("AG") Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the AG's office.

It is further ordered that Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

It is further ordered that the Clerk of Court is directed to send a copy of this Order to Rosas, the Nevada AG, the FPD, and the CJA Coordinator for this division.

DATED THIS 19th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE